# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

_____

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS, LOCAL UNION NO. 99;
RHODE ISLAND AND SOUTHEAST
MASSACHUSETTS CHAPTER OF THE
NATIONAL ELECTRICAL CONTRACTORS
ASSOCIATION;
MICHAEL DALEY, BUSINESS MANAGER
LOCAL UNION NO. 99 AND
REPRESENTATIVE TRUSTEE;
DANIEL NAPPI, EXECUTIVE DIRECTOR OF
RHODE ISLAND AND SOUTHEAST
MASSACHUSETTS CHAPTER OF THE
NATIONAL ELECTRICAL CONTRACTORS
ASSOCIATION AND REPRESENTATIVE
TRUSTEE;
IBEW LOCAL UNION NO. 99 HEALTH AND
WELFARE FUND;
IBEW LOCAL UNION NO. 99 RETIREMENT
TRUST FUND;
IBEW LOCAL UNION NO. 99 ANNUITY TRUST
FUND;
IBEW LOCAL UNION NO. 99 JOINT
APPRENTICSHIP AND TRAINING COMMITTE
FUND;
IBEW LOCAL UNION NO. 99 DUES
ASSESSMENT FUND;
IBEW LOCAL UNION NO. 99 POLITICAL
ACTION COMMITTEE FUND;
IBEW LOCAL UNION NO. 99 SCHOLARSHIP
FUND;
IBEW LOCAL UNION NO. 99 ANNIVERSARY
FUND;
RHODE ISLAND LABOR MANAGEMENT
COOPERATIVE COMMITTEE FUND;
ADMINISTRATIVE MAINTENANCE FUND;
NATIONAL ELECTRICAL BENEFIT FUND.
    *Plaintiffs*

   VS.                             C.A. No.

CAVALLO - CAVALLO, INC., D/B/A
BEAUMONT SOLAR CO.
    *Defendant*
_____

# COMPLAINT

## PARTIES AND FACTUAL ALLEGATIONS

1. Plaintiff, International Brotherhood of Electrical Workers, Local Union No. 99 ("Local 99") is a labor organization representing employees in an industry affecting commerce as defined in the *Labor Management Relations Act of 1947*, 29 U.S.C. §§ 141 et seq. ("LMRA") (29 U.S.C.S. §142(1), (3) &152(5)) and within the meaning of LMRA 29 U.S.C.S. §185.

2. Local 99 maintains its principal place of business at 22 Amflex Drive, Cranston, Rhode Island.

3. Plaintiff Rhode Island and Southeast Massachusetts Chapter of the National Electrical Contractors Association ("NECA") is an organization formed for the purpose of protecting the rights of and bargaining for electrical contractors who employ electrical union members.

4. NECA maintains its principal place of business at 779 Park Avenue, Cranston, Rhode Island.

5. Plaintiff Michael Daley ("Daley") is the Business Manager of Local 99 and Local 99's designated representative in this civil action.

6. Plaintiff Daley, is a Representative Trustee of the Board of Trustees of certain funds making claim through this lawsuit, said funds being governed by the provisions of the *Employee Income Security Act of 1974*, 29 U.S.C. §§ 1001 et seq. ("ERISA"), the *Labor Management Relations Act of 1947*, 29 U.S.C. §§ 141 et seq. ("LMRA"), and other applicable laws.

7. Plaintiff Daniel Nappi ("Nappi") is the Executive Director of Plaintiff NECA and NECA's designated representative in this civil action.

8. Plaintiff Nappi is a Representative Trustee of the Board of Trustees of certain funds making claim through this lawsuit, said funds being governed by the provisions of the *Employee Income Security Act of 1974*, 29 U.S.C. §§ 1001 et seq. ("ERISA"), the *Labor Management Relations Act of 1947*, 29 U.S.C. §§ 141 et seq. ("LMRA"), and other applicable laws.

9. Plaintiff IBEW Local Union No. 99 Health and Welfare Fund ("H&W Fund") is an ERISA Benefit Fund governed by the provisions of ERISA, LMRA and other applicable law.

10. Plaintiff IBEW Local Union No. 99 Retirement Fund ("Pension Fund") is an ERISA Benefit Fund governed by the provisions of ERISA, LMRA and other applicable law.

11. Plaintiff IBEW Local Union No. 99 Annuity Trust Fund ("Annuity Fund") is an ERISA Benefit Fund governed by the provisions of ERISA, LMRA and other applicable law.

12. Plaintiff IBEW Local Union No. 99 Joint Apprenticeship and Training Committee Fund ("JATC Fund") is an ERISA Benefit Fund governed by the provisions of ERISA, LMRA and other applicable law.

13. Plaintiff IBEW Local Union No. 99 Dues Assessment Fund ("Dues Fund") is a Local 99 fund governed by the LMRA and other applicable laws.

14. Plaintiff IBEW Local Union No. 99 Political Action Committee Fund ("PAC Fund") is a Local 99 fund governed by the LMRA and other applicable laws.

15. Plaintiff IBEW Local Union No. 99 Scholarship Fund ("Scholarship Fund") is a Local 99 fund governed by the LMRA and other applicable laws.

16. Plaintiff IBEW Local Union No. 99 Anniversary Fund ("Anniversary Fund") is a Local 99 fund governed by the LMRA and other applicable laws.

17. Plaintiff Rhode Island Labor Management Cooperative Committee Fund ("RILMCC") is a joint fund of Local 99 and NECA governed by the LMRA and other applicable laws.

18. Plaintiff Administrative Maintenance Fund ("AMF") is a NECA fund governed by the LMRA and other applicable laws.

19. Plaintiff National Electrical Benefit Fund ("NEBF") is a NECA fund governed by ERISA, LMRA and other applicable laws.

20. Local 99, NECA, Daley, Nappi, H&W Fund, Retirement Fund, Annuity Fund, JATC Fund, Dues Fund, PAC Fund, Scholarship Fund, Anniversary Fund, RILMCC, AMF and NEBF are collectively referred to herein as "Plaintiffs".

21. The H&W Fund, Retirement Fund, Annuity Fund, JATC Fund, Dues Fund, PAC Fund, Scholarship Fund, Anniversary Fund, RILMCC, AMF and NEBF are collectively referred to herein as "Funds".

22. Defendant Cavallo - Cavallo, Inc. d/b/a Beaumont Solar Co. ("Defendant" or "Cavallo") is a domestic for-profit corporation, incorporated in the Commonwealth of

      Massachusetts, with a principal office located at 200 North Street, New Bedford, Massachusetts.

23. Cavallo was and is an employer in an industry affecting commerce, as defined in LMRA (29 U.S.C. § 142(1), (3) & 152(2)), and within the meaning of LMRA (29 U.S.C. § 185).

24. Plaintiff Local 99, NECA and Defendant Covallo were party to a Collective Bargaining Agreement ("CBA"), which, among other things, obligated Covallo, and continues to obligate Covallo, to make timely contributions to the Funds.

25. Pursuant to the terms of the CBA and established collection policies and procedures, Local 99 and/or NECA is the designated collection agent(**s**) for the Funds. As such, Local 99 and/or NECA are charged with determining the amount of the contributions owed by Covallo to each fund and then collecting the contributions on behalf of each fund.

26. Covallo has failed to make timely contributions to the Funds.

27. Local 99 and NECA have made demand for payment of Covallo's delinquent fund contributions in accordance with established policy and procedure.

28. Despite said demands, Covallo has failed to pay the outstanding contributions to the Funds.

29. Covallo remains delinquent in payment of its required contributions to the Funds totaling in excess of One Hundred and Thirty Thousand Dollars ($130,000.00).

## JURISDICTION

30. This action arises under, and jurisdiction is conferred upon this Court, by virtue of ERISA (29 U.S.C. §§1131 and 1132) and LMRA (29 U.S.C.S. §185).

## COUNT I
### (Breach of Duty under the Collective Bargaining Agreement and ERISA, 29 U.S.C. §§1132 & 1145)

31. Plaintiffs incorporate paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff H&W Fund, Retirement Fund, Annuity Fund, JATC Fund, and NEBF are employee benefit funds established pursuant to and administered in accordance with LMRA (29 U.S.C.S. §186) and ERISA (29 U.S.C.S. §1102), and are multiemployer plans as defined by ERISA (29 U.S.C. §1002(37)).

33. Plaintiff Dues Fund, PAC Fund, Scholarship Fund, Anniversary Fund are Local 99 funds established under the LMRA, and administered under the Local 99 CBA, to which Covallo is obligated to make contributions.

34. Plaintiff RILMCC is a joint Local 99 and NECA fund, established under the LMRA and administered under the Local 99 CBA, for which Covallo is obligated to make contributions.

35. Plaintiff AMF is a NECA fund established under the LMRA and administered under the Local 99 CBA, for which Covallo is obligated to make contributions.

36. Covallo's failure to make timely contributions to the each of the Funds is a breach of the CBA and a violation of ERISA and the LMRA.

37. Covallo remains severely delinquent to all of the Funds.

38. As a result of Covallo's unlawful actions in failing to timely pay the required contributions to the Funds, the Plaintiffs have suffered and will continue to suffer severe and substantial damages.

    WHEREFORE, Plaintiffs request that this Honorable Court enter judgment against Cavallo and in Plaintiffs favor awarding them:

    (A)    The total amount of delinquent contributions owed by Covallo to each of the Funds;
    (B)    Pre and post judgment interest on all delinquent contributions;
    (C)    Reasonable attorney's fees, costs, and expenses;
    (D)    Statutory punitive damages;
    (E)    Such other and further relief that the Court deems just and proper.

## COUNT II
### (Breach of Fiduciary Duty under ERISA 29 U.S.C. §1109)

39. The Plaintiffs hereby incorporate Paragraphs 1 through 38 as though set forth herein.

40. The Defendant Covallo has breached its fiduciary duties under ERISA (29 U.S.C. § 1109) by failing to pay timely contributions to the Plaintiff ERISA Funds.
WHEREFORE, Plaintiffs request that the Court award them:

    (A)    The total amount of delinquent contributions owed by Covallo to each of the Funds;
    (B)    Pre and post judgment interest on all delinquent contributions;
    (C)    Reasonable attorney's fees, costs, and expenses


    (D)    Statutory punitive damages;
    (E)    Such other and further relief that the Court deems just and proper.

## COUNT III
### (Breach of the Duty of Good Faith under the CBA and LMRA 29 U.S.C. §158(a)(5))

41. Plaintiffs hereby incorporate Paragraphs 1 through 40 as though set forth herein.

42. Covallo has failed to make timely payment of contributions owed to the Funds.

43. In seeking to collect the delinquent payments Local 99 received assurances from Covallo that the delinquent sums would be paid within a specified period of time following Cavallo's sale of a particular real estate holding.

44. Cavallo requested that Plaintiffs refrain from filing suit pending the sale of the real estate holding, which Plaintiffs agreed to do in reliance upon Cavallo's assurance that payment in full would be forthcoming within a period of ninety days.

45. Plaintiffs were informed and believe that Cavallo was able to sell its real estate holding, but despite the sale, Cavallo, contrary to its assurances, failed to proffer any payment from that sale in satisfaction of its delinquent contributions.

46. Covallo's assurances, upon which Plaintiffs relied in refraining from moving forward with collection proceedings, were negligent, intentional, fraudulent and/or misleading and a breach of Covallo's obligation to act in good faith under the Local 99 CBA and the LMRA (29 U.S.C. § 158(a)(5)).

47. Covallo's failure to tender timely contributions to the Funds as required by the CBA violates Covallo's duty to act in good faith under the Local 99 CBA and the LMRA (29 U.S.C. § 158(a)(5))

WHEREFORE, Plaintiffs request that the Court award them:

    (A)    The total amount of delinquent contributions owed by Covallo to each of the Funds;
    (B)    Pre and post judgment interest on all delinquent contributions;
    (C)    Reasonable attorney's fees, costs, and expenses
    (D)    Statutory punitive damages; and
    (E)    Any such other and further relief that the Court deems just and proper.

**THE PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY ON ALL COUNTS.**

                              Respectfully Submitted,
                              On behalf of Plaintiffs,
                              By their attorneys,

*/s/ Christopher M. Orton*

_____
Christopher M. Orton, Esq.  (#4849)
DALEY ORTON, LLC
1383 Warwick Avenue
Warwick, RI 02888
PHONE: (401) 921-5901
FAX:  (401) 921-5902
corton@daleyorton.com

Dated: May 2, 2019

\7800.9-Complaint